# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| FARMLAND INDUSTRIES, INC., et al, | ) | Case No. 02-50557 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| JEFF SHOTKOSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 04-5293 |
| | ) | |
| FARMLAND INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

On December 20, 2005, Defendant Farmland Industries, Inc. ("Farmland") moved for summary judgment in this case, arguing that the Plaintiff, Jeff Shotkoski ("Shotkoski"), cannot prevail on his wrongful discharge ("whistle-blowing") claim because 1) the conduct for which Shotkoski alleges he was discharged – *i.e.*, notifying the company of food safety violations – was a required part of his job, and, therefore, he cannot sustain a claim for retaliatory discharge as a matter of law; 2) the undisputed facts establish that there was no causal connection between Shotkoski's conduct and Farmland's decision to terminate him; and 3) the undisputed facts establish that Farmland had a legitimate, non-retaliatory reason for terminating Shotkoski. Shotkoski counters that Farmland's legal argument is without merit because it is based on federal Title VII case law, whereas this case is grounded in Missouri state law, and there is at least one Missouri case in which an individual was able to maintain a claim for wrongful discharge where he was allegedly fired for conduct included in his job duties.[1] Shotkoski refutes Farmland's factual arguments with facts that, if they remain uncontroverted, would indicate that Farmland terminated Shotkoski because of the frequency and manner in which he reported food safety violations.

---

[1] *Lynch v. Balnke Baer & Bowey Krimko, Inc.*, 901 S.W.2d 147 (Mo. Ct. App. 1995).

Summary judgment is appropriate when the matters presented to the Court "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[2] The party moving for summary judgment has the initial burden of proving that there is no genuine issue as to any material fact.[3] Once the moving party has met this initial burden of proof, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion.[4] In ruling on a motion for summary judgment, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."[5]

Farmland has failed to meet its burden of proving that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. First, Shotkoski's criticism of Farmland's legal argument is right on target. The case law Farmland relies on for the proposition that a plaintiff cannot maintain a claim for retaliatory discharge where the conduct allegedly giving rise to the discharge was included in the plaintiff's job duties applies to claims arising under federal law,[6] specifically Title VII, but this case does not assert a federal claim; it is based entirely on Missouri law. Moreover, the *Lynch* case cited by Shotkoski indicates that Missouri law does not preclude claims for wrongful discharge where the termination is made in retaliation for conduct included within the scope of the plaintiff's employment.

Second, Shotkoski has identified specific facts that give rise to a material issue of fact regarding the cause of his termination. These include the lack of documentation in Shotkoski's personnel file describing his termination, the absence of a Personnel Action Log in Shotkoski's personnel file, and the fact that Shotkoski was never offered a severance agreement although Farmland's policies required it.

---

[2] Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

[3] *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 161, 90 S. Ct. 1598, 1611, 26 L.Ed.2d 142 (1970).

[4] *Matsushita Electric Industrial Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (a party opposing a summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts").

[5] *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

[6] *Vidal v. Ramallo Bros. Printing, Inc.*, 380 F.Supp.2d 60 (D. P.R. 2005).

Farmland contends that he was offered a severance package, but for purposes of summary judgment, the Court must accept the evidence of the non-movant, Shotkoski. Finally, the issues raised by the Defendant in its reply brief regarding the relevance and meaning of documents (or the absence of allegedly crucial documents) raise – rather than eliminate – material issues of fact surrounding the reason for Shotkoski's termination.

Therefore, for the reasons discussed above, it is

**ORDERED** that the Defendant's motion for summary judgment is hereby DENIED.

**SO ORDERED** this 28th day of February, 2006.

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed
electronically or conventionally to:
Jennifer A. Donnelli
Stephen C. Thornberry